# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **JASON L. WALTON** | **CIVIL ACTION NO. 17-326-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Jason L. Walton, ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on February 24, 2017. Plaintiff is currently incarcerated in the Elyan Hunt Correctional Center, but claims his civil rights were violated by prison officials while incarcerated in the David Wade Correctional Center in Homer, Louisiana. He names Jerry Goodwin, James LeBlanc, and Lonnie Nail as defendants.[1]

---

[1] **Error! Main Document Only.**Plaintiff also named Dr. Fuller and Tommy Garrett as defendants and alleged claims regarding failure to follow policy, inadequate medical treatment, due process, his prison disciplinary convictions and sentences, and the administrative remedy procedure. Fuller and Garrett were dismissed as defendants and these claims were dismissed with prejudice on August 23, 2018.

Plaintiff was ordered on July 17, 2017, to furnish the Clerk of Court in Lafayette, Louisiana, one (1) copy of the complaint, two (2) completed summonses and one (1) completed USM 285 form for Jerry Goodwin, James LeBlanc, and Lonnie Nail for service within 30 days of service of the memorandum order [Doc. 15]. To date, Plaintiff has not done so.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, <u>sua sponte</u>, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the court and under the court's inherent power to control its own docket. See <u>Link v. Wabash Railroad Company</u>, 370 U.S. 626, 82 S.Ct. 1386 (1962); <u>Rogers v. Kroger Company</u>, 669 F.2d 317, 320-321 (5th Cir. 1983).

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a

copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

    **THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 17th day of October 2018.

                                                  Mark L. Hornsby
                                                U.S. Magistrate Judge